Filed 8/10/21  P. v. Lira CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C093219 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF201728) |
| v. | |
| ANTHONY JOSEPH LIRA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony Joseph Lira filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we conclude the court failed to impose mandatory assessments for one of defendant's convictions; we shall modify the judgment to impose the assessments.  We find no arguable errors that would result in a disposition more favorable to defendant and affirm the judgment as modified.

1

## FACTS AND PROCEEDINGS

An August 2020 complaint charged defendant with driving or taking a 2012 Nissan Altima on August 18, 2020 (Veh. Code, § 10851, subd. (a), count I), being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1), count II),[1] obliterating the identification of a firearm (§ 23900, count III), having a concealed firearm in a vehicle (§ 25400, subd. (a)(1), count IV), and unlawful possession of ammunition (§ 30305, subd. (a)(1), count V).

The following month defendant moved to suppress evidence obtained as the result of a warrantless search of the car he was driving (§ 1538.5).  On October 9, 2020, before the motion to suppress was heard, defendant agreed to plead no contest to counts I and II in exchange for a stipulated sentence of two years eight months in state prison and dismissal of the remaining charges.  Based on Yuba County Sheriff's Office report No. 20-3263, the parties stipulated to the following factual basis for the plea:  On August 18, 2020, deputies observed defendant driving a vehicle that had been reported as stolen near the Hard Rock Casino.  He did not have the owner's permission to drive the vehicle.  When deputies searched the vehicle, they found two firearms in defendant's possession.  Defendant had previously been convicted of a felony violation of section 496, subdivision (a) in August 2001.

In November 2020, defendant was sentenced to two years eight months in state prison, which included the midterm of two years for count I and a consecutive eight months (one-third the midterm) for count II.  The trial court imposed a $300 restitution fine (§ 1202.4), and an identical $300 parole revocation restitution fine, which was suspended unless parole was revoked (§ 1202.45).  The court imposed a $40 court operations assessment (§ 1465.8) and a $30 court facilities assessment (Gov. Code,

---

[1] Further undesignated statutory references are to the Penal Code.

§ 70373).  Defendant was awarded 84 days of actual credit and 84 days of conduct credit for a total of 168 days of custody credit.  Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

After examining the entire record, we find that the trial court erred in imposing the mandatory court operations and court facilities assessments.  The court failed to impose a $40 court operations assessment under section 1465.8 and a $30 court facilities assessment under Government Code section 70373 for *each* of defendant's convictions.  The record shows the court imposed the above assessments only once although defendant pleaded no contest to two offenses.

Section 1465.8, subdivision (a)(1) provides:  "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed *on every conviction for a criminal offense*, including a traffic offense, except [for certain] parking offenses . . . ."  (§ 1465.8, subd. (a)(1), italics added.)  Similarly, Government Code section 70373 provides:  "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed *on every conviction for a criminal offense*, including a traffic offense, except [certain] parking offenses . . . .  The assessment shall be imposed in the amount of *thirty dollars ($30) for each misdemeanor* or felony and in the amount of thirty-five dollars ($35) for each infraction."  (Gov. Code, § 70373, subd. (a)(1), italics added.)  Because defendant was convicted of two criminal offenses, the trial court should have imposed an $80 court operations assessment under section 1465.8 and a $60 court

facilities assessment under Government Code section 70373. We shall modify the judgment to impose the mandatory assessments.

We find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

Defendant's convictions are affirmed. The judgment is modified to include a mandatory $80 court operations assessment under section 1465.8 and $60 court facilities assessment under Government Code section 70373. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment that correctly reflects the judgment as modified and to forward a copy to the Department of Corrections and Rehabilitation.

/s/
RAYE, P. J.

We concur:

/s/
ROBIE, J.

/s/
RENNER, J.